UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABRAHAM LIZAMA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22 CV 1170 RWS |
| ) | |
| H&M HENNES & MAURITZ LP, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Abraham Lizama purchased a sweater from defendant retailer H&M's "conscious choice" collection. According to Lizama, he believed this meant his sweater was made using "more sustainable and environmentally friendly" manufacturing practices. According to Lizama, however, this product is not "environmentally friendly," and he felt so misled by the representation that he now brings a nationwide putative class action over the alleged misrepresentation.

Lizama asserts claims under Missouri's Merchandising Practices Act as well as claims for unjust enrichment, negligent misrepresentation, and fraud. He asks this Court to name him as the class representative to prosecute the MMPA and Missouri state law claims on behalf of a subclass of Missouri residents who purchased any "conscious choice" product from H&M, in addition to naming him as one of two class representatives to prosecute nationwide class claims for unjust

enrichment, negligent misrepresentation, and fraud on behalf of a nationwide class of consumers who did the same.

Mark Doten is the second class representative named in the complaint. He is a California resident who made a similar "conscious choice" purchase from H&M in California. He brings claims similar to Lizama under California law and seeks to represent California residents who purchased "conscious choice" items in California as well as a nationwide class on the unjust enrichment, negligent misrepresentation, and fraud claims.

H&M is not a Missouri corporation and does not have its principal place of business here. Moreover, Doten alleges no connection to Missouri. Under *Brothers and Sisters in Christ, LLC v. Zazzle, Inc.,* 42 F.4th 948, 951-52 (8th Cir. 2022) (applying *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1024 (2021), and *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Co.*, 137 S. Ct. 1773 (2017) to resolve issues of federal court jurisdiction) and the circumstances of this case, it appears that this Court may lack personal jurisdiction over defendant with respect to Doten's claims.

H&M did not raise this defense in its motion to dismiss filed on December 6, 2022. ECF 6. While lack of personal jurisdiction is a waivable defense if not timely raised, see Fed. R. Civ. P. 12(g)(2), (h), given the importance of this issue the court will permit H&M an opportunity to seek leave to amend its motion to

raise the defense, as the court may exercise discretion to grant such a motion in this newly-filed case where briefing on the motion has just been completed.  The Court will grant H&M until January 10, 2023 to file a motion seeking leave to amend its motion to dismiss to assert lack of personal jurisdiction as a defense.  Any such motion shall be accompanied by the proposed amended motion.  **Failure to file such a motion shall be deemed a waiver of the defense of personal jurisdiction and H&M's right to assert that *Zazzle* and *Bristol-Myers* should be applied in this context to preclude a nonresident plaintiff from bringing claims against a nonresident defendant for activities occurring outside the forum state.**  Any opposition to amendment filed by plaintiffs shall also address any additional arguments related to jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant shall file any motion for leave to amend in compliance with this Memorandum and Order by no later than <u>**January 10, 2023.  Response and reply times to the motion are governed by the local rules**</u>.  **The parties are granted leave to file briefs that do not exceed 30 pages**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2022.